UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TAMARA WILLIAMS,<br>    Plaintiff, | Case No. 1:21-mc-10<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| THE LASIK VISION<br>INSTITUTE, LLC, et al.,<br>    Defendants. | **ORDER** |

LVI Intermediate Holdings, Inc., d/b/a/ Vision Group Holdings, LLC ("Vision Group Holdings") commenced this miscellaneous action in support of litigation pending in the United States District Court for the Western District of Tennessee, *Williams v. The Lasik Vision Institute, LLC*, No. 2:20-cv-2402 (W.D. Tenn.). This matter is before the Court on Vision Group Holdings' motion to compel non-party Kismet New Vision Holdings, LLC ("Kismet")'s compliance with a subpoena (Doc. 1) and Vision Group Holdings' motion to transfer its motion to compel to the United States District Court for the Western District of Tennessee (Doc. 3). Non-party Kismet has neither entered an appearance nor filed any memoranda in opposition to Vision Group Holdings' motions. (*See* Doc. 8).

**I. Background**

Plaintiff Tamara Williams filed a putative class action against numerous defendants, including Vision Group Holdings, in Tennessee state court. (Doc. 1 at PAGEID 4). The action was removed to the United States District Court for the Western District of Tennessee. (*Id*.; *see Williams*, No. 2:20-cv-2402). Discovery was bifurcated into "class" discovery and "merits" discovery. The underlying litigation is currently in the class discovery phase. (*Id*.).

In June 2021, Vision Group Holdings issued and served a subpoena on non-party Kismet seeking "documents, records, and other materials" that were "inextricably linked to the issues of

the underlying action—and particularly to the issue of whether a class should be certified." (Doc. 1 at PAGEID 3, 8-9).[1] Vision Group Holdings alleges in its motion to compel that "Kismet neither objected nor produced documents responsive to the Subpoena by the set deadline of July 6, 2021." (*Id*. at PAGEID 3; *see also* Doc. 8 at PAGEID 215). On July 12, 2021, Vision Group Holdings initiated the instant miscellaneous action in support of the pending litigation in the Western District of Tennessee. Specifically, Vision Group Holdings moves this Court to compel Kismet's compliance with the subpoena and transfer the motion to compel to the Western District of Tennessee. (Docs. 1, 3; *see* Doc. 8).

## II. Law on Transferring a Subpoena-Related Motion

Fed. R. Civ. P. 45(f) provides, in pertinent part: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. . . ." Fed. R. Civ. P. 45(f). In determining whether "exceptional circumstances" exist, the advisory committee's note provides:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. *In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.* Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. . . .

---

[1] The Tennessee court explained the connection between Vision Group Holdings and Kismet: "[Vision Group Holdings'] assets (excluding a number of insurance policies issued to Defendants that are providing coverage in this matter) were purchased by [Kismet] out of certain bankruptcy proceedings filed by Vision Group [Holdings] in Delaware. In connection with its purchase of Vision Group [Holdings'] assets, Kismet is now the custodian of Vision Group [Holdings'] electronically stored information as well as hard data and information (collectively referred to as the 'Vision Group [Holdings] Data') which are directly relevant to this action." (*Williams*, No. 2:20-cv-2402, Doc. 111 at PAGEID 1620).

Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment (emphasis added). *See Arclin USA, LLC v. Vits Tech. GmbH*, No. 2:20-mc-48, 2020 WL 6882600, at *2 (S.D. Ohio Nov. 24, 2020) ("If exceptional circumstances exist, the Court must weigh them against the interests of the nonparty in obtaining local resolution of the motion.") (citing *Id.*).

"The decision of whether to transfer [under Fed. R. Civ. P. 45(f)] is discretionary." *Hausauer v. Trustedsec, LLC*, No. 1:20-mc-101, 2020 WL 6826368, at *6 (N.D. Ohio Nov. 20, 2020). Courts looking at whether transfer is warranted pursuant to Fed. R. Civ. P. 45(f) consider "a number of factors, including case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Drips Holdings, LLC v. Quotewizard.com, LLC*, No. 1:21-mc-17, 2021 WL 1517919, at *5 (N.D. Ohio Apr. 16, 2021) (citations and quotations omitted). *See also Hausauer*, 2020 WL 6826368, at *5 ("transfer may be warranted 'in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts'") (quoting Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment).

### III. Analysis

The issue in this case is whether this Court should, within its discretion, transfer Vision Group Holdings' motion to compel to the Western District of Tennessee pursuant to Fed. R. Civ. P. 45(f). Vision Group Holdings, as the proponent of transfer, "bears the burden of showing that such [exceptional] circumstances are present." Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment. The Court finds that Vision Group Holdings has met its burden to prove that exceptional circumstances exist warranting transfer of this matter to the Western District of Tennessee.

First, the underlying litigation is a putative class action that has been pending in the Western District of Tennessee for over thirteen months. (*See* Doc. 3 at PAGEID 135, 139). The parties are in the class discovery phase of the litigation, and the records and documents sought by the subpoena at issue have already been the subject of several motions and rulings in the underlying litigation. (*Id*. at PAGEID 139-40). Specifically, on March 5, 2021, plaintiff filed an unopposed motion to compel "the relevant documents and information pertaining to the time period from April 2018, through April 2020, whether from Vision Group or from Kismet, pursuant to third party processes provided for under the Federal Rules of Civil Procedure." (*Williams*, No. 2:20-cv-2402, Doc. 103 at PAGEID 1488). The Tennessee court granted plaintiff's unopposed motion finding plaintiff was "entitled to discover the relevant documents and information pertaining to the time period from April 2018 through April 2020, from Vision Group[.]" (*Id*., Doc. 111 at PAGEID 1621).

On June 21, 2021, plaintiff filed a motion for sanctions and attorney's fees against Vision Group Holdings alleging that Vision Group Holdings failed to comply with the Court's order granting the motion to compel. (*Id*., Doc. 119). Plaintiff alleged, "Vision Group's failure to produce the Vision Group Data in this case is highly prejudicial to Plaintiff. Plaintiff is unable to obtain the materials necessary to move for Class Certification and accordingly cannot proceed with this action." (*Id*. at PAGEID 1694). Vision Group Holdings informed the court that it attempted to obtain Kismet's compliance by filing a motion to compel in the Southern District of Ohio. (*See Id*., Doc. 126 at PAGEID 1839-40). Vision Group Holdings stated that it also filed a motion to transfer the motion to compel to the Tennessee court because "[t]his Court [the Tennessee court] has intimate knowledge of the above-styled litigation, including the issues surrounding the Kismet discovery dispute. As such, it is better suited to determine the best

4

possible resolution pertaining to Plaintiff's inability to access the documents from Kismet." (*Id*. at PAGEID 1840). Vision Group Holdings summarized the steps it took to try to obtain the records and documents from Kismet in opposition to plaintiff's motion for sanctions and attorney's fees. (*Id*. at PAGEID 1840-43). The Tennessee court has yet to rule on plaintiff's motion.

Accordingly, because this matter has been pending in the Western District of Tennessee for over thirteen months and the records and documents sought by the subpoena have already been the subject of several motions and rulings in the underlying litigation, exceptional circumstances warranting transfer exist under Fed. R. Civ. P. 45(f). *See Drips Holdings*, 2021 WL 1517919, at *6 (finding exceptional circumstances exist because, among other reasons, "[i]n the last six months, the District of Massachusetts issued several rulings regarding these exact 46,000 records and developed a deep and rigorous understanding of the issues implicated in this dispute"); *Glob. Agility Sols., Inc. v. Barker*, No. 1:19-cv-987, 2020 WL 2494625, at *2 (W.D. Tex. May 14, 2020) (finding exceptional circumstances where the underlying class action litigation had been pending for one year, involved a "potentially complex class action," and the underlying court had "already issued several orders addressing discovery disputes"); *Cellular Commc'ns Equip., LLC v. HTC Corp.*, No. 15cv2373, 2015 WL 12570944, at *2 (S.D. Cal. Dec. 16, 2015) (citation omitted) ("[C]onsidering that there [had] been extensive case management conferences in which the very discovery sought here [had] been discussed, transfer of this motion to the issuing court may serve to avoid inconsistency in positions and ruling."); *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.,* No. 5:15-mc-64, 2015 WL 7308655, at *2 (N.D. Ohio Nov. 19, 2015) (finding exceptional circumstances where the underlying litigation was pending for more than one year); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301

F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court.").

Second, judicial economy warrants transferring this matter to the Western District of Tennessee because there "is a very real possibility that this Court's ruling could conflict with any ruling issued by" the Tennessee Court. *Drips Holdings*, 2021 WL 1517919, at \*6. *See Fed. Trade Comm'n v. Noland*, No. 2:20-cv-908, 2021 WL 1515581, at \*2 (D. Utah Apr. 16, 2021) ("transferring the motion will promote consistency among discovery decisions in the underlying litigation"). As Vision Group Holdings alleges, "[j]udicial economy would be best served by the same court, which will also decide the motion for class certification and which controls the deadlines related thereto, hearing and deciding the issues presented across the motions." (Doc. 3 at PAGEID 140). The Tennessee court has knowledge of the underlying issues surrounding Vision Group Holdings' attempts to secure the records sought by its non-party subpoena. (*Id*. at PAGEID 139-40). *See Arclin USA*, 2020 WL 6882600, at \*2 (finding exceptional circumstances warranting transfer pursuant to Fed. R. Civ. P. 45(f) because the underlying court had "presided over the [] litigation for eight months, ha[d] already made extensive findings of fact as part of the preliminary injunction proceedings, and ha[d] adjudicated previous discovery disputes"). Accordingly, "[j]udicial economy will be best served by having all of these disputes resolved by the same court." *Drips Holdings*, 2021 WL 1517919, at \*6.

Finally, the exceptional circumstances outweigh any burden imposed on non-party Kismet. Pursuant to Fed. R. Civ. P. 45(f), "if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." Fed. R. Civ. P. 45(f). If, however, the

person subject to the subpoena is not authorized to practice in the court where the motion was made, "the nonparty must 'find and hire local counsel and pay attorney's fees associated with getting local counsel up to speed on the instant dispute[.]'" *Drips Holdings*, 2021 WL 1517919, at *7 (quoting *Hausauer*, 2020 WL 6826368, at *7).

As Kismet has failed to enter an appearance and respond to Vision Group Holdings' pending motions before this Court, it is unclear exactly what burden Kismet would endure by transferring this matter to the Western District of Tennessee. It is, however, unlikely that any travel will be required of Kismet, as the conferences in the underlying litigation have been exclusively held via telephone or videoconference. (*See Williams*, 2:20-cv-2402, docket entries 7/6/20, 8/27/20, 3/11/21, 3/29/21, 4/8/21). Vision Group Holdings confirms that "every hearing that has taken place in the underlying matter thus far has been held by telephone or videoconference." (Doc. 3 at PAGEID 142). *See Arclin USA*, 2020 WL 6882600, at *2 (finding the burden to be slight because among other reasons, "all proceedings thus far in the [underlying] litigation [had] been held via telephone or videoconference"). *See also Ohio Dep't of Ins. v. RPM Mortg., Inc.*, No. 2:20-mc-43, 2020 WL 6778212, at *2 (S.D. Ohio Nov. 18, 2020) ("it is unlikely that any travel will be required of Ohio-based counsel, as the presiding judge's standing order indicates that all civil matters are currently being held by telephone due to the COVID-19 pandemic"); *Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (burden of transferring pursuant to Fed. R. Civ. P. 45(f) on the non-party would be minimal due to courts' widespread use of video- and teleconferencing in the wake of COVID-19).

### IV. Conclusion

Pursuant to Fed. R. Civ. P. 45(f), the Court finds that the exceptional circumstances

warranting transfer of this matter to the United States District Court for the Western District of Tennessee outweigh any burden that transfer may impose on Kismet. This matter is therefore transferred to the United States District Court for the Western District of Tennessee to avoid "disrupting the issuing court's management of the underlying litigation." Fed. R. Civ. P. 45(f) advisory committee's note to the 2013 amendment.

**IT IS THEREFORE ORDERED THAT:**

Vision Group Holdings' Motion to Transfer (Doc. 3) is **GRANTED,** and this matter is transferred to the United States District Court for the Western District of Tennessee for all further proceedings, including ruling on Vision Group Holdings' Motion to Compel (Doc. 1).

Date: 9/3/2021

Karen L. Litkovitz
Chief United States Magistrate Judge